IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, AS SUBROGEE OF GOLDEN RULE INVESTMENTS, LLC AND DAVID SHARP TRUCKING <br><br> VS. <br><br> 10 ROADS EXPRESS, LLC and JOHN ELDER | § § § § § § § § § <br><br> CIVIL ACTION NO. 6:23-cv-00304 |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES JUDGE:

Plaintiff, GREAT WEST CASUALTY COMPANY, AS SUBROGEE OF GOLDEN RULE INVESTMENTS, LLC AND DAVID SHARP TRUCKING, files its Original Complaint, complaining of Defendants 10 ROADS EXPRESS, LLC and JOHN ELDER.

### I.  PARTIES

1.1   Plaintiff, GREAT WEST CASUALTY COMPANY, AS SUBROGEE OF GOLDEN RULE INVESTMENTS, LLC AND DAVID SHARP TRUCKING ("Great West") is a foreign insurance company doing business in the State of Texas.  Great West files this cause as subrogee of Golden Rule Investments, LLC ("Golden Rule") and David Sharp Trucking ("DST").

1.2   Defendant, 10 ROADS EXPRESS, LLC ("10 Roads"), is a foreign corporation doing business in Texas, which may be served with summons and process on its registered agent for service, Registered Agents, Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

1.3   Defendant, JOHN ELDER ("Elder"), is an individual who is a resident of Texas, who may be served with summons and process at 24175 Bell Avenue, Porter, Texas 77365.

## II. JURISDICTION

2.1     Pursuant to 28 U.S.C. § 1332, this United States District Court has jurisdiction of this action, since it is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000.  In particular:

a.     Great West is a Nebraska corporation, with its principal place of business in Nebraska.  Great West is a citizen of Nebraska.

b.     10 Roads is a Delaware corporation, with its principal place of business in Iowa.  10 Roads is a citizen of Delaware and Iowa.

c.     Elder is an individual residing in Texas, and is a Texas citizen.

## III.  VENUE

3.1     Venue is proper in this district and division pursuant to 28 U.S.C § 1391(a)(2) as the district and division in which a substantial part of the events or omissions occurred.

## IV.  BACKGROUND FACTS

4.1     On or about July 6, 2022 at approximately 7:50 a.m., Elder was driving a tractor / trailer unit southbound on IH-45 in Freestone County, Texas, in the right-hand lane of travel.  David Sharp was occupying a 2015 International tractor and 2011 Reitnouer flatbed trailer which were owned by Golden Rule, sitting secured with his seat belt on.  Shortly before the accident, he had lawfully stopped on the improved shoulder of IH-45, and his emergency flashers were turned on.  There was approximately eight feet of space between the right-hand border of the right lane in which Elder was traveling, and the left side of Golden Rule's tractor / trailer.  Elder, who was fatigued, dozed off while operating his truck, and drifted to the right of the right-hand lane.  His truck then struck the left side of the Golden Rule trailer and tractor, then continued forward until it came to rest off the left side of the freeway:





The scene investigating officer found that the accident was caused by Elder being fatigued or asleep:



The officer attributed contributing factors to Elder in his report of: 1) 40 fatigued or asleeep, and 2) 23 failed to drive in single lane.  As a result of the accident, the Golden Rule tractor and trailer were a total loss, and Great West's insured sustained cargo damages or expenses.

### V.  CAUSE OF ACTION - NEGLIGENCE

5.1     The accident made the basis of this lawsuit, with the resulting damages sustained by Golden Rule and DST, was proximately caused by the negligence of Elder.  Elder was negligent in his operation of the vehicle, in driving while fatigued or asleep, in driving on the improved shoulder of the roadway when unsafe to do so, and/or in failing to drive in a single lane. Each of these acts and omissions, separately or in combination, was other than what a reasonable person would have done under the same or similar circumstances.

5.2     Elder was in the course and scope of his employment with 10 Roads at the time of the accident.  Alternatively, Elder was driving a truck with the assigned USDOT number for 10 Roads under a temporary lease with 10 Roads.  10 Roads is vicariously liable for the negligence of Elder, and the damages sustained by Golden Rule and DST from the accident.

5.3     Pleading further, Elder's negligent conduct violated Texas statutes regarding transportation vehicles.  Specifically, Elder committed the following statutory violations:

a.     operating a motor vehicle when his alertness or ability to operate the vehicle is impaired for any reason, including fatigue or illness, to the extent that it is not safe for the person to begin or to continue, in violation of Texas Transportation Code § 647.009(b);

b.     driving on the improved shoulder of a roadway when unsafe to do so in violation of Texas Transportation Code § 545.058; and

c.     in willful and wanton disregard for the safety of persons and property in violation of Texas Transportation Code § 545.401(a).

Elder violated all of these statutory duties and his negligence per se proximately caused the accident and the property damages, for which he is liable.

5.4     Elder's negligent acts, as outlined in Section 5.1, also constituted gross negligence, for which Elder was liable.  In particular, Elder's acts or omissions which when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which Elder had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## VI.  DAMAGES

6.1     As a result of the accident, Golden Rule and DST suffered actual damages of at least the amount which was paid by Great West, itemized as follows:

| | |
|---|---|
| Golden Rule: 2015 International Tractor: | $ 41,001.02 |
| Golden Rule: 2011 Reitnouer trailer | $ 22,644.50 |
| Towing, storage and cargo transload: | $ 10,026.79 |
| Additional cargo expense – JT Parker: | $   2,083.79 |
| | $ 75,756.10 |

6.2 Pursuant to TEX. RULE OF CIV. PROC. § 41.008(b), Great West seeks recovery of exemplary damages against Elder for its gross negligence, in an amount equal to the greater of (1)(A) two times the amount of economic damages; plus (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000.

## VII. FOR THE COURT ONLY – SUBROGATION RIGHTS

7.1 Great West carried a policy of insurance providing coverage for property damage. By virtue of Great West's payments under the policy, Great West is contractually and equitably subrogated to any claim which Golden Rule and DST have against any third-party as the result of the third-party's legal liability, and is entitled in law and/or equity to bring the claims in the name of Golden Rule and DST. *See Prudential Property and Cas. Co. v. Dow Chevrolet-Olds, Inc.*, 10 S.W.3rd 97, 103-04 (Tex.App.—Texarkana 1999, pet. dism'd); *Frymire Eng'g Co., Inc. ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd.,* 259 S.W.3d 140, 142 (Tex.2008); *Thoreson v. Thompson*, 431 S.W.2d 341, 347 (Tex. 1968); *Employers Casualty Co. v. Transport Insurance Co.,* 444 S.W.2d 606, 610 (Tex. 1969). Accordingly, Great West brings the claims asserted in this lawsuit in the name of Golden Rule and DST against Defendants, to the extent of Great West's payment.

## XIII. PRAYER

8.1 WHEREFORE, Great West prays that on final trial or hearing, Great West recover damages as pleaded above from Defendants, plus prejudgment and post-judgment interest, costs of Court, and such other and further relief to which Great West may show itself justly entitled.

Respectfully submitted,

KELLY, SMITH & SCHMIDT, P.C.


_/s/ Loren R. Smith_
Loren R. Smith
State Bar No. 18643800
12621 Featherwood, Suite 150
Houston, Texas 77034
(713) 861-9900
Facsimile:  (713) 861-7100
smith@kellysmithpc.com
ATTORNEYS FOR PLAINTIFF GREAT WEST CASUALTY COMPANY